THE HONORABLE JOHN C. COUGHENOUR
THE HONORABLE MARSHA PECHMAN
THE HONORABLE JAMES L. ROBART
Noted for Hearing: September 7, 2007
Without Oral Argument

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LUIS TORRES, Individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MICROSOFT CORPORATION, a Washington Corporation,<br><br>　　　　　Defendant. | No. 07-CV-1121 JCC<br><br>Hon. John C. Coughenour<br><br>**PLAINTIFFS' JOINT MOTION TO CONSOLIDATE RELATED CASES PURSUANT TO FED.R.CIV.P. 42(A); APPOINT INTERIM CLASS COUNSEL PURSUANT TO FED.R.CIV.P. 23(G)(2); APPROVE PLAINTIFFS' PROPOSED LEADERSHIP STRUCTURE; AND SCHEDULE THE FILING OF PLAINTIFFS' CONSOLIDATED COMPLAINT** |
| STEVE CARLIE, Individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MICROSOFT CORPORATION, a Washington Corporation,<br><br>　　　　　Defendant. | No. 07-CV-1132 CMP<br><br>Hon. Marsha J. Pechman |

[Caption continues on next page.]

PLAINTIFFS' JOINT MOTION TO CONSOLIDATE
AND APPOINT INTERIM CLASS COUNSEL
(07-1121 JCC; 07-1132 CMP; 07-1270 JCC; 07-1271 JLR;
07-1295 JLR) Page - 1

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

| | |
|---|---|
| CHRISTINE MOSKOWITZ and DAVID WOOD, Individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>MICROSOFT CORPORATION, a Washington Corporation,<br><br>        Defendant. | Case No.  07-CV-1270 JCC<br><br>Hon. John C. Coughenour |
| HEIDI LING, As parent and natural guardian of ROBERT LING III, Individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>MICROSOFT CORPORATION, a Washington Corporation,<br><br>        Defendant. | Case No.  07-CV-1271 JLR<br><br>Hon. James L. Robart |
| JUSTIN HANSON, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>        v.<br><br>MICROSOFT CORPORATION, a Washington Corporation,<br><br>        Defendant. | Case No.       07-CV-1295<br><br>Hon. James L. Robart |

## I. INTRODUCTION AND PRELMINARY STATEMENT

There are five related class action lawsuits (the "Actions") presently pending before this Court:

PLAINTIFFS' JOINT MOTION TO CONSOLIDATE
AND APPOINT INTERIM CLASS COUNSEL
(07-1121 JCC; 07-1132 CMP; 07-1270 JCC; 07-1271 JLR;
07-1295 JLR) Page - 2

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

| Case Name | Case No. | Date Filed | Judge |
|---|---|---|---|
| *Torres v. Microsoft Corp.* | 07-CV-1121 | 7/18/2007 | Hon. John C. Coughenour |
| *Carlie v. Microsoft Corp.* | 07-CV-1132 | 7/19/2007 | Hon. Marsha J. Pechman |
| *Moskowitz v. Microsoft Corp.* | 07-CV-1270 | 8/14/2007 | Hon. John C. Coughenour |
| *Ling v. Microsoft Corp.* | 07-CV-1271 | 8/14/2007 | Hon. James L. Robart |
| *Hanson v. Microsoft Corp.* | 07-CV-1295 | 08/20/2007 | Hon. James L. Robart |

All five of these class action lawsuits seek to represent substantially the same class of people for essentially the same claims, are based on similar factual allegations and are against the same defendant, Microsoft Corporation. Through the present motion, the plaintiffs in these actions, Luis Torres, Steve Carlie, Christine Moskowitz, David Wood, Heidi Ling, and Justin Hanson (collectively, "Plaintiffs"), jointly seek to have their separate actions consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. Accordingly, Plaintiffs hereby move this Court for orders:

(1) Consolidating the Actions pursuant to Federal Rules of Civil Procedure, Rule 42(a);

(2) Appointing interim class counsel pursuant to FED.R.CIV.P. 23(g)(2);

(3) Approving the leadership structure proposed by Plaintiffs; and

(4) Setting a schedule for the filing of Plaintiffs' Consolidated Complaint.

This motion is brought on the grounds that the Actions are substantially identical, such that consolidation of these cases will promote efficiency and conserve judicial resources. This motion is additionally brought on the ground that the appointment of interim class counsel under the leadership structure proposed by Plaintiffs and the consolidation of pleadings will likewise promote efficiency.

This motion is based upon the following legal memorandum of points and authorities, the complete files and records in the five related actions, the declarations submitted herein, and such other written or oral argument as the Court may consider.

PLAINTIFFS' JOINT MOTION TO CONSOLIDATE
AND APPOINT INTERIM CLASS COUNSEL
(07-1121 JCC; 07-1132 CMP; 07-1270 JCC; 07-1271 JLR;
07-1295 JLR) Page - 3

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## II. FACTUAL BACKGROUND

Defendant Microsoft Corporation designed, markets and manufactures the Xbox 360 video game console ("Xbox 360"). The Actions allege that the Xbox 360, through normal and intended use, can – and frequently do – scratch game discs and other optical media like compact discs ("CDs") and digital video discs ("DVDs") (collectively "discs") that are inserted into the game consoles. In many cases, this scratching is so severe that it renders game discs – which frequently cost consumers $50 to $100 each – unusable. The Actions additionally allege that Microsoft is aware its Xbox 360 consoles are defective in that they scratch game discs and other optical media during normal and intended operation. Despite this knowledge, Microsoft refuses to take appropriate action to remedy the problem and, with limited exceptions, has refused to provide compensation to class members whose discs were damaged by their Xbox 360s.

All of the named plaintiffs in the Actions own an Xbox 360 and have had one or more of their discs scratched and rendered unusable by their Xbox 360. Each of the named plaintiffs seeks to represent substantially the same class of individuals and each of the named plaintiffs seeks, on behalf of himself or herself as well as on behalf of the class that he or she represents, injunctive relief, product repair, restitution, damages, and all other appropriate relief.

## III. ARGUMENT

**A.    The Actions Should Be Consolidated For All Purposes**

Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of law and fact. *See* Manual for Complex Litigation, Fourth, § 11.631, at pp. 121-22 (2004); *Owen v. Labor Ready Inc.*, 146 Fed.Appx. 139, 141 (9th Cir., 2005); *In re Cendant Corp. Litig.*, 182 F.R.D. 476, 478 (D.N.J. 1998); *In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 175 (C.D. Cal. 1976). Subdivision (a) of this rule relating to consolidation of actions for trial was designed to encourage such consolidations where possible. *U.S. v. Knauer*, 149 F.2d 519, 520 (7th Cir. 1945), *certiorari granted*, 326 U.S. 714, *aff'd*, 328 U.S. 654, *reh'g denied*, 329

PLAINTIFFS' JOINT MOTION TO CONSOLIDATE
AND APPOINT INTERIM CLASS COUNSEL
(07-1121 JCC; 07-1132 CMP; 07-1270 JCC; 07-1271 JLR;
07-1295 JLR) Page - 4

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1   U.S. 818, *petition denied*, 332 U.S. 834.  This Court has broad discretion under this rule to

2   consolidate cases within this district. *Investors Research Co. v. U.S. District Court for Cent.*

3   *Dist.*, 877 F.2d 777 (9th Cir. 1989); *Perez-Funez v. Dist. Director, Immigration & Naturalization*

4   *Serv.*, 611 F. Supp. 990, 994 (C.D. Cal. 1984) ("A court has broad discretion in deciding whether

5   or not to grant a motion for consolidation, although, typically, consolidation is favored.")

6   (citations omitted).

7         Courts have recognized that putative class actions are particularly well-suited for

8   consolidation pursuant to Rule 42(a) because unification expedites pretrial proceedings, reduces

9   case duplication, avoids the need to contact parties and witnesses for multiple proceedings, and

10  minimizes the expenditure of time and money for all parties involved.  *Vincent v. Hughes Air*

11  *West, Inc.*, 557 F.2d 759, 773 (9th Cir. 1977); *Owen v. Labor Ready Inc.*, 146 Fed.Appx. at 141

12  (*citing Huene v. United States*, 743 F.2d 703, 704 (9th Cir.1984)).  Consolidating class action

13  suits simplifies pretrial and discovery motions, class action issues, and clerical and

14  administrative management duties. Consolidation also reduces the confusion and delay that may

15  result from prosecuting related putative class actions separately. *Id*.

16        The decision to consolidate is left to the sound discretion of the Court.  *See* Schwarzer,

17  Tashima & Wagstaffe, RUTTER GROUP PRAC. GUIDE: FED. CIV. PRO BEFORE TRIAL (The Rutter

18  Group 2002) (hereinafter "*Rutter*") § 16:144.  Although Plaintiffs take no position here as to the

19  assignment of this request for consolidation, Plaintiffs understand that in the normal course, the

20  judge having the lower-numbered case is assigned any subsequently filed related case.  *See id.*;

21  *see also* Herr, MANUAL FOR COMPLEX LITIGATION (2002) § 20.13 ("Complex litigation

22  frequently involves two or more separate but related cases.  All related cases…should be

23  assigned at least initially to the same judge…").  Where related cases are assigned to different

24  judges, the motion to consolidate should be filed with each judge, and the judge with the first-

25  filed case normally considers the motion for consolidation.  *See Rutter* §§ 16:147-16:148.  Where

26  related cases are assigned to different judges, the motion to consolidate should be filed with each

PLAINTIFFS' JOINT MOTION TO CONSOLIDATE
AND APPOINT INTERIM CLASS COUNSEL
(07-1121 JCC; 07-1132 CMP; 07-1270 JCC; 07-1271 JLR;
07-1295 JLR) Page - 5

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  judge, and the judge with the first-filed case normally considers the motion for consolidation. *See id.* In this action, Judge Coughenour was assigned the first- and third-filed actions, Judge Pechman was assigned the second-filed action, and Judge Robart was assigned the fourth- and fifth-filed actions.

The Actions allege claims on behalf of owners of Xbox 360's in the United States. The Actions name the same defendant, Microsoft Corporation, and involve substantially similar, if not identical, factual and legal issues. They are each brought by individuals who had discs damaged by their Xbox 360.

As noted above, consolidation is appropriate where – as here – there are actions involving common questions of law or fact. Fed. R.Civ.P. 42(a); *see also Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). Given the substantial overlap on the factual and legal issues presented in the Actions, that test is met here and, accordingly, the Actions should be consolidated.

**B.      The Court Should Appoint the Attorneys for the Plaintiffs as Interim Class Counsel**

Under Fed.R.Civ.P. 23(g)(2)(A), a "court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Although the rule does not provide a standard for determining whether interim counsel should be appointed, courts that have construed it have relied on the Advisory Committee Notes accompanying the rule to hold that interim counsel should be appointed when necessary to protect the interests of the putative class. *See, e.g., Parkinson v. Hyundai Motor Am.,* 2006 WL 2289801 at *2 (C.D.Cal. Aug. 7, 2006); *Donaldson v. Pharmacia Pension Plan,* 2006 WL 1208582 at *1 (S.D.Ill. May 10, 2006).

The Notes suggest that courts consider a number of points when deciding whether such an appointment is necessary. First, the Notes contemplate that interim counsel may be necessary

PLAINTIFFS' JOINT MOTION TO CONSOLIDATE
AND APPOINT INTERIM CLASS COUNSEL
(07-1121 JCC; 07-1132 CMP; 07-1270 JCC; 07-1271 JLR;
07-1295 JLR) Page - 6

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

to conduct pre-certification discovery prior to a determination to grant or deny certification pursuant to Rule 23(c)(1) inasmuch as "some discovery is often necessary for that determination." Fed.R.Civ.P. 23(g)(2)(A) advisory committee's notes. Here, the certification motion has not even been scheduled and, even assuming that class discovery is bifurcated from merits discovery, at least some discovery will be required before either plaintiffs or defendant will feel adequately prepared for a certification motion. Through the leadership structure plaintiffs' counsel have proposed, discovery will proceed expeditiously with less chance of duplicative work.

Second, interim counsel may be necessary to "make or respond to motions before certification." *Id.* Here, there will likely be significant motion practice prior to the motion to certify. Microsoft has yet to answer in any of the consolidated cases and will likely move to dismiss one or more of the causes of action asserted. Further, discovery in this matter may be complicated and require extensive negotiations and motions even prior to class certification. Finally, from past experience, plaintiffs' counsel expect that defendant Microsoft will seek to have a lengthy protective order entered in this matter. The efficient negotiation of that order requires that plaintiffs speak with one unified voice. Thus, via the leadership structure plaintiffs' counsel have proposed, motions will be brought and opposed efficiently with less chance of duplicative work

Third, interim counsel may be necessary so that "[s]ettlement may be discussed before certification." *Id.* Here, because a defective product is in the hands of class members, a settlement prior to certification whereby the product were recalled and repaired would certainly be in the interests of the class. Settlement negotiations would have a far greater chance of success if they were conducted with only one group of attorneys for the plaintiffs' side.

PLAINTIFFS' JOINT MOTION TO CONSOLIDATE
AND APPOINT INTERIM CLASS COUNSEL
(07-1121 JCC; 07-1132 CMP; 07-1270 JCC; 07-1271 JLR;
07-1295 JLR) Page - 7

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Finally, the Notes contemplate that "[i]n some cases ... there may be rivalry or uncertainty that makes formal designation of interim counsel appropriate." *Id.* Here, there is a significant possibility of "tag-along" cases being filed by other law firms. An interim class counsel appointment will discourage such activities and lead to a more efficient use of judicial resources since there will be less likelihood of interference from any other counsel.

Accordingly, it is in the interests of the putative class as well as the Court that interim class counsel be appointed. The firms of Stritmatter Kessler Whelan Coluccio; Chitwood Harley Harnes, LLP; The Hodkin Kopelowitz Ostrow Firm, P.A.; Kabateck Brown Kellner LLP, Keller Rohrback L.L.P., Krause Kalfayan Benink and Slavens, LLP and Wasserman Comden & Casselman, LLC have submitted declarations in support of this motion demonstrating their respective abilities to fairly and adequately represent the interests of the putative class pursuant to Fed.R.Civ.P. 23 (g)(1). *See* Declarations in Support of Appointment of Interim Counsel, filed herewith. Plaintiffs' Counsel should be appointed interim class counsel.

**C.     The Court Should Approve the Leadership Structure Proposed by Plaintiffs**

Rule 42(a) provides courts with the authority to "make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." It is not surprising, then, that an order consolidating actions is frequently accompanied with the appointing of a leadership structure for the plaintiffs, which quite often is the only effective means of channeling the efforts of counsel along constructive lines. *See In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1014 (5th Cir. 1977), *citing MacAlister v. Guterma*, 263 F.2d 65, 68 (2d Cir. 1958).

In complex cases such as this one, the utility of appointing a plaintiff leadership structure to coordinate the prosecution of complex litigation is well established. *See Vincent v. Hughes Air West, Inc.*, 557 F.2d 759, 774-75 (9th Cir. 1977); *In re Bendectin Litigation*, 857 F.2d 290,

PLAINTIFFS' JOINT MOTION TO CONSOLIDATE
AND APPOINT INTERIM CLASS COUNSEL
(07-1121 JCC; 07-1132 CMP; 07-1270 JCC; 07-1271 JLR;
07-1295 JLR) Page - 8

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

297 (6th Cir. 1988). The Manual for Complex Litigation specifically recognizes the benefits of appointing a plaintiff leadership structure in complex, multiparty litigation:

> Complex litigation often involves numerous parties with common or similar interests but separate counsel. Traditional procedures in which all papers and documents are served on all attorneys, and each attorney files motions, presents arguments, and examines witnesses, may waste time and money, confuse and misdirect the litigation, and burden the court unnecessarily. Instituting special procedures for coordination of counsel early in the litigation will help to avoid these problems.

MCL 4th, § 10.22, at p. 24.

The Manual for Complex Litigation also endorses the leadership structure proposed here by Plaintiffs, which consists of a Liaison Counsel, Co-Lead Plaintiffs' Counsel and an Executive Committee of Plaintiffs' Counsel. *See* MCL 4th, § 10.221, at pp. 24-25. The [Proposed] Order submitted by Plaintiffs would appoint Stritmatter Kessler Whelan Coluccio as Liaison Counsel; Chitwood Harley Harnes, LLP and The Hodkin Kopelowitz Ostrow Firm, P.A. as Co-Lead Plaintiffs' Counsel, and an Executive Committee of Plaintiffs' Counsel consisting of the aforementioned three firms plus: Kabateck Brown Kellner LLP, Keller Rohrback L.L.P., Krause Kalfayan Benink and Slavens, LLP and Wasserman Comden & Casselman, LLC. In order to assist the Court, a diagram of the proposed leadership structure is annexed hereto as Exhibit "A." The proposed leadership structure is identical to the one approved by the district court in *Vincent v. Hughes Air West*, 557 F.2d at 763-764.

Under the leadership structure proposed by Plaintiffs, Liaison Counsel would be responsible for communicating between the court and other counsel (including receiving and distributing notices, orders, motions, and briefs on behalf of the group), convening meetings of counsel, advising parties of developments, assisting in the coordination of activities and positions and seeing that schedules are met. Co-Lead Plaintiffs' Counsel would be responsible for formulating (in consultation with other Plaintiffs' Counsel) and presenting positions on substantive and procedural issues during the litigation, working with opposing counsel in

PLAINTIFFS' JOINT MOTION TO CONSOLIDATE
AND APPOINT INTERIM CLASS COUNSEL
(07-1121 JCC; 07-1132 CMP; 07-1270 JCC; 07-1271 JLR;
07-1295 JLR) Page - 9

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  developing and implementing a litigation plan, coordinating plaintiffs' counsel initiation and
2  organization of discovery requests and responses, coordinating plaintiffs' examination of
3  deponents as well as coordinating the employment of experts and arranging for support services.
4  Co-Lead Plaintiffs' Counsel would also be responsible for efficiently coordinating Plaintiffs'
5  representation at trial.

6  The leadership structure proposed by Plaintiffs will eliminate "duplication and repetition
7  and in effect the creation of a coordinator of diffuse plaintiffs through whom motions and
8  discovery proceedings will be channeled, will most certainly redound to the benefit of all parties
9  to the litigation." *MacAlister v. Guterma*, 263 F.2d 65, 69 (2d Cir. 1958).  *See also Vincent v.
10 Hughes Air West, Inc.*, 557 F.2d at 763-764 (Court approved leadership structure of plaintiffs'
11 counsel pursuant to Fed.R.Civ.P. 42(a) in order to "avoid unnecessary costs and delay.")
12 Accordingly, the proposed leadership structure should be approved by the Court.

13 **D.    The Court Should Order the Consolidation of Pleadings and Set a Deadline for the
14         Filing of Plaintiffs' Consolidated Complaint**

15
16 Rule 42(a) provides trial courts with the power to order the consolidation of pleadings in
17 those instances where doing so "may tend to avoid unnecessary costs or delay."   It is beyond
18 question that the consolidation of pleadings would serve that purpose here.

19 Consolidated pleadings will permit the Court to receive memoranda and hear argument
20 directed to one coherent pleading.  Thus, for example, consideration of class action issues will be
21 made considerably easier by a consolidated complaint, because the Court will not have to go
22 through varying and conflicting class allegations that may have been stated in each separate
23 complaint.  The burdens of discovery management will also be lessened if consolidated
24 pleadings can serve as a reference point.  Even mundane clerical and administrative tasks will be
25 made much less burdensome to counsel and the Court by the use of a consolidated complaint.

26 Plaintiffs request leave to file their Consolidated Complaint with the Court on or before
two weeks from the date that the Court enters the consolidation order.  Doing so will promote the

PLAINTIFFS' JOINT MOTION TO CONSOLIDATE
AND APPOINT INTERIM CLASS COUNSEL
(07-1121 JCC; 07-1132 CMP; 07-1270 JCC; 07-1271 JLR;
07-1295 JLR) Page - 10

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  expeditious resolution of pleading matters, since any motions directed to the pleadings will be
2  heard on a single hearing date to be set by the Court and will relate to only one set of pleadings.
3  Such procedures will not only simplify the presentation of any issues desired to be raised by
4  defendant concerning the sufficiency of the complaint, but will also avoid duplicative motions
5  and hearings and unnecessary delay in the resolution of such issues.  Entry of the proposed order
6  will therefore assist the Court by providing for the orderly, cost effective and timely prosecution
7  of these related actions.

## IV.  CONCLUSION

In the interests of judicial economy and for the reasons set forth above, Plaintiffs respectfully request that the Court order consolidation of the Actions, appoint Plaintiffs' counsel interim class counsel, approve the leadership structure proposed by Plaintiffs and permit Plaintiffs to file a Consolidated Complaint no later than two weeks from the date the Court enters an order with respect to this motion.

Dated this 20th day of August, 2007.

KELLER ROHRBACK L.L.P.

  s/ Amy Williams-Derry
Mark A. Griffin, WSBA # 16296
Amy Williams-Derry, WSBA #28711
1201 Third Avenue, Suite 3200
Seattle, Washington  98101
Telephone: (206) 623-1900
Facsimile: (206) 623-3384
Counsel for Plaintiffs Luis Torres, Heidi Ling, Christine Moskowitz and David Wood

PLAINTIFFS' JOINT MOTION TO CONSOLIDATE
AND APPOINT INTERIM CLASS COUNSEL
(07-1121 JCC; 07-1132 CMP; 07-1270 JCC; 07-1271 JLR;
07-1295 JLR) Page - 11

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1
2
3
4
5
6

STRITMATTER KESSLER WHELAN COLUCCIO
   Paul L. Stritmatter, WSBA # 4532
   Kevin Coluccio, WSBA # 16245
   200 Second Avenue West
   Seattle, Washington  98119
   Telephone: (206) 448-1777
   Facsimile: (206) 728-2131
   *Counsel for Plaintiffs Steve Carlie and*
   *Justin Hanson*
   *Proposed Liaison Counsel*

7
8
9
10
11
12
13

CHITWOOD HARLEY HARNES LLP
   Gregory E. Keller, WSBA #13040
   Darren T. Kaplan
   2300 Promenade II
   1230 Peachtree Street, N.E.
   Atlanta, Georgia 30309
   Telephone: (404) 873-3900
   Facsimile: (404) 876-4476
   *Counsel for Plaintiff Luis Torres and*
   *Proposed Co-Lead Plaintiffs' Counsel*

14
15
16
17
18
19

THE HODKIN KOPELOWITZ OSTROW FIRM, P.A.
   Jeffrey M. Ostrow
   David Ferguson
   350 East Las Olas Boulevard, Suite 980
   Ft Lauderdale, Florida  33301
   Telephone: (954) 525-4100
   Facsimile: (954) 525-4300
   *Counsel for Plaintiff Heidi Ling and*
   *Proposed Co-Lead Plaintiffs' Counsel*

20
21
22
23

KABATECK BROWN KELLNER LLP
   Brian S. Kabateck
   Richard L. Kellner
   644 South Figueroa Street
   Los Angeles, California 90017
   Telephone: (213) 217-5000
   Facsimile: (213) 217-5010
   *Counsel for Plaintiff Luis Torres*

24
25
26

PLAINTIFFS' JOINT MOTION TO CONSOLIDATE
AND APPOINT INTERIM CLASS COUNSEL
(07-1121 JCC; 07-1132 CMP; 07-1270 JCC; 07-1271 JLR;
07-1295 JLR) Page - 12

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1
2
3
4
5
6

        KRAUSE KALFAYAN BENINK & SLAVENS, LLP
           James C. Krause
           Eric J. Benink
           625 Broadway, Suite 635
           San Diego, California  92101
           Telephone: (619) 232-0331
           Facsimile: (619) 232-4019
           *Counsel for Plaintiffs Christine Moskowitz and David Wood*

7
8
9
10
11

        LEE & AMTZIS, P.L.
           Eric Lee
           5550 Glades Road, Suite 401
           Boca Raton, FL 33431
           Telephone: (561) 981-9988
           Facsimile: (561) 981-9980
           *Counsel for Plaintiff Heidi Ling and Proposed Co-Lead Plaintiffs' Counsel*

12
13
14
15

        WASSERMAN, COMDEN & CASSELMAN, LLC
           Melissa M. Harnett
           5567 Reseda Boulevard, Suite 330
           Tarzana, California 91357
           Telephone: (818) 705 - 6800
           Facsimile: (818) 996 - 8266
           *Counsel for Plaintiff Steve Carlie*

16
17
18
19
20
21
22
23
24
25
26

PLAINTIFFS' JOINT MOTION TO CONSOLIDATE
AND APPOINT INTERIM CLASS COUNSEL
(07-1121 JCC; 07-1132 CMP; 07-1270 JCC; 07-1271 JLR;
07-1295 JLR) Page - 13

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384